# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RHAHEEM ANDERSON** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO: 14-6747** |
| | : | |
| **DETECTIVE PAUL PEREZ** | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                       **AUGUST 24, 2015**

      Police officers must conscientiously gather evidence necessary to present truthful Affidavits of Probable Cause to allow an independent judge to evaluate the proffered evidence and, if merited, issue an arrest warrant. Courts have repeatedly held police officers can rely on eyewitness interviews and identifications of suspects as part of the probable cause analysis. After arrest, if a defendant wins at trial, he may believe his trial success proves the police were blindly wrong all along and seek civil rights and state law damages for false arrest/imprisonment, malicious prosecution, invasion of privacy and intentional infliction of emotional distress. We begin by examining whether a plaintiff adduces evidence the police officer did not have a fair probability, under the totality of the circumstances, to believe the plaintiff committed a crime. After having defeated the criminal charges in state court and then discovery on his civil rights claims before us, Plaintiff Rhaheem Anderson does not adduce evidence sufficient to overcome the substantial specific facts, including eyewitness interview and identification, informing Detective Paul Perez's probable cause determination in his Affidavit of Probable Cause submitted to a judge to obtain an arrest warrant. We grant Detective Perez's motion for summary judgment in the accompanying Order.

I. **Undisputed Facts**[1]

Arthur Barnes ("Barnes") claims two men robbed him on June 14, 2013 ("the incident"). (ECF Doc. No. 26-1, Def.'s Statement of Undisputed Facts ("SOF"), ¶ 1.) On June 16, 2013, Defendant Detective Paul Perez ("Detective Perez") interviewed Barnes regarding the incident. (*Id.*) Barnes told Detective Perez two black males whom he identified as Plaintiff Rhaheem Anderson ("Anderson") and Jerome Lawrence ("Mook") confronted him.[2] (*Id.* ¶ 2, 4.) Barnes identified Anderson in a photograph shown to him by Detective Perez during the interview. (*Id.* ¶ 5.)

According to Barnes, Mook accused Barnes of owing him about fifteen ($15) or twenty ($20) dollars. (ECF Doc. No. 26-2, App., 1.) Anderson began yelling at Barnes to "give it up give it give it up." (*Id.*) Mook began to hit Barnes. Barnes ran into a "Chinese store" while Anderson and Mook remained outside. (Def.'s SOF, ¶ 3.) Mook came into the store and hit Barnes again. (App., 1.)

Based on this information, Detective Perez prepared an Affidavit of Probable Cause (the "Affidavit") on June 21, 2013. (Def.'s SOF, ¶ 6.) Detective Perez requested "an arrest warrant be issued for [Anderson] for Robbery and Conspiracy." (App., 4.) A judge issued an arrest warrant for Anderson on June 21, 2013. (Def.'s SOF, ¶ 7.) Officers arrested Anderson pursuant to the arrest warrant on February 25, 2014. (*Id.* ¶ 8.)

---

[1] We require a Statement of Undisputed Material Facts ("SOF") filed in support of a motion filed pursuant to Fed.R.Civ.P. 56. Detective Perez filed his SOF at ECF Doc. No. 26-1 ( "Def.'s SOF"). Anderson included additional facts he contends create a genuine issue of material fact at ECF Doc. No. 32-2. The party moving for summary judgment must also submit an appendix of exhibits or affidavits. Detective Perez' Appendix is filed at ECF Doc. No. 26-2 ("App."). The responding party may submit additional exhibits and Anderson did so at ECF Doc. No. 33.

[2] The caption, as well as each party's submissions spell Anderson's first name "Raheem." However, in Anderson's deposition he spelled his name Rhaheem. Thus, we will spell Anderson's name as he does.

The state court originally scheduled Anderson's preliminary hearing for March 12, 2014 and then rescheduled it three subsequent times: April 22, May 27, and June 18, 2014. (App., 88.) The Commonwealth then dropped the charges against Anderson only to refile them soon thereafter. (Pl.'s SOF, ¶ 24.) On July 30, 2014, a City of Philadelphia municipal court judge dismissed the charges against Anderson for lack of evidence following the preliminary hearing. (*Id.*)

**II. Analysis**

Anderson alleges civil rights violations under 42 U.S.C. § 1983 claiming false arrest, false imprisonment, and malicious prosecution, as well as corresponding state law claims against Detective Perez.[3] Anderson's Amended Complaint also alleges Detective Perez violated Article I Section 8 of the Pennsylvania Constitution, invaded his privacy by casting him in a false light and intentionally inflicted emotional distress ("IIED") upon him.

Detective Perez now moves for summary judgment arguing: Anderson's Fourth Amendment claim must be dismissed because the Affidavit based on Barnes' interview provided probable cause for Anderson's arrest. Detective Perez claims Anderson cannot sustain a claim of malicious prosecution as: 1) officers instituted the criminal proceedings with probable cause; and 2) Anderson cannot adduce sufficient facts to show Detective Perez acted with malice. Detective Perez argues Anderson's claim under Article I Section 8 of the Pennsylvania Constitution must be dismissed because no private right of action exists under the Pennsylvania Constitution. Detective Perez also argues Anderson's invasion of privacy claim must fail as Anderson cannot show Detective Perez'conduct constituted willful misconduct. Finally, Detective Perez argues for dismissal of Anderson's IIED claim as Anderson has produced no evidence of injury. (ECF

---

[3] We dismissed Anderson's *Monell* claims. (ECF Doc. No. 22) The parties stipulated to dismiss the City on any remaining claims. (ECF Doc. No. 25)

3

Doc. No. 26, at 5-14.)

In response, Anderson claims insufficient facts and circumstances existed for any reasonable person to conclude probable cause existed to arrest him. In support of his malicious prosecution claim, Anderson argues Detective Perez knowingly issued a false Affidavit. This falsity, Anderson argues, cast him in a false light and caused him emotional distress, which is the basis for his IIED claim. Anderson fails to respond to Detective Perez's arguments regarding the claim under the Pennsylvania Constitution, as well as the effect of the Pennsylvania Subdivision Tort Claims Act ("PSTCA") on Anderson's false light claim.

We enter summary judgment in favor of Detective Perez on all claims in the Amended Complaint.[4]

### A. Detailed probable cause to arrest requires judgment dismissing Anderson's Fourth Amendment and state law false arrest and false imprisonment claims.

" 'False arrest and false imprisonment are essentially the same claim . . . .' "[5] *Reynolds v. Municipality of Norristown*, No. 15-0016, 2015 WL 4450979, *6 n.5 (E.D. Pa. July 17, 2015) (quoting *Olender v. Twp. of Bensalem*, 32 F. Supp. 2d 775, 791 (E.D. Pa. 1999)). The Fourth

---

[4] Summary judgment may only be granted where "the movant shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). We must consider the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Burton v. Teleflex*, 707 F.3d 417, 425 (3d Cir. 2013) (citing *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006)). To defeat a motion for summary judgment, however, "the non-moving party must present more than a mere scintilla of evidence; 'there must be evidence on which the jury could reasonably find for the [non-movant].'" *Burton*, 707 F.3d at 425 (quoting *Jakimas v. Hoffmann–La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007) (alteration in original)); *see also Anderson*, 477 U.S. at 252.

[5] "Pennsylvania state law false arrest claims and federal constitutional false arrest claims are co-extensive both as to elements of proof and elements of damages." *Russoli v.Salisbury Twp.*, 126 F. Supp. 2d 821, 869 (E.D. Pa. 2000) (citing *Patzig v. O'Neil*, 577 F.2d 841, 851 (3d Cir. 1978). Accordingly, we examine them together.

Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants, shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. The Fourth Amendment thus prohibits officers from arresting a citizen without probable cause. *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "Probable cause exists when the information within the arresting officer's knowledge at the time of the arrest is sufficient to warrant a reasonable law enforcement officer to believe that an offense has been or is being committed by the person to be arrested." *Paff v. Kaltenbach*, 204 F.3d 425, 436 (3d Cir. 2005).

The probable cause standard "requires more than mere suspicion; however it does not require that the officer have evidence sufficient to prove guilt beyond a reasonable doubt." *Orsatti*, 71 F.3d at 482-83. The facts must support a reasonable belief "a fair probability" exists the person committed the crime at issue. *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000). "Probable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction." *Adams v. Williams*, 407 U.S. 143, 149 (1972) (citation omitted).

It is irrelevant to the probable cause determination the exact crime charged by the police or whether the suspect is later acquitted of the charges altogether. *White v. Brown*, No. 08-606, 2010 WL 1718205, *4 (E.D. Pa. Apr. 28, 2010). We apply a "totality-of-the-circumstances approach" in analyzing probable cause. *Illinois v. Gates*, 462 U.S. 213, 230 (1983). Moreover, "in analyzing false arrest claims, a court to insulate a defendant from liability need find only that '[p]robable cause . . . exist[ed] as to any offense that could be charged under the circumstances.'"

5

*Johnson v. Knorr*, 477 F.3d 75, 85 (3d Cir. 2007) (quoting *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir. 1994)).

The existence of probable cause is generally one for the jury but "a district court may conclude that probable cause exists as a matter of law if the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary factual finding." *Merkle v. Upper Dublin School Dist.*, 211 F.3d 782, 788-89 (3d Cir. 2000).

Detective Perez interviewed Barnes two days after the alleged robbery took place. At the interview, Barnes stated he was robbed by two black males. He identified and named the two black males: Anderson and Mook. Barnes stated Anderson told him to "give it up give it give it up" while Mook asked Barnes for money owed to him. Further, he identified Anderson by a photograph shown to him by Detective Perez. (App., 1-2.) This specificity is sufficient to establish probable cause. *See Lincoln v. Hanshaw*, No. 08-4207, 2009 WL 1259099, *5 (E.D. Pa. May 6, 2009), *aff'd* 375 F. App'x 185 (3d Cir. 2010); *Giordano v. Murano-Nix*, No. 12-7034, 2014 WL 62459, *8 (E.D. Pa. Jan. 8, 2014) ("When police receive a reliable identification by a victim of his or her attacker, the police have probable cause to arrest.") (citation omitted).

As the Affidavit is facially valid, Anderson must endeavor to show some other infirmity in the Affidavit. "[A]n arrest warrant issued by a magistrate judge does not, in itself, shelter an official from liability for false arrest." *Wilson*, 212 F.3d at 786. When challenging the validity of an arrest warrant, the plaintiff "must prove, by a preponderance of the evidence, (1) that the affiant knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) that such statements or omissions are material, or necessary to the finding of probable cause." *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (citing *Franks v. Delaware*, 438 U.S. 154, 171-72 (1978)).

6

Anderson cannot satisfy this standard. Anderson cites lengthy excerpts from Barnes' testimony at the preliminary hearing wherein Barnes recounts the incident. (ECF Doc. No. 28-2, at 6-8.) The municipal court judge dismissed the charges at the conclusion of Barnes' testimony. However, this testimony is irrelevant to the determination of probable cause because we only inquire into the information within the officer's knowledge "at the time of the arrest." *Paff*, 204 F.3d at 436. The bar for conviction is not equivalent to the bar for probable cause. *Adams*, 407 U.S. at 149.

Anderson cites Mook's interview with Detective Perez as exculpatory evidence. Anderson claims Barnes' account is corroborated by Mook's interview and is proof of the absence of probable cause. (ECF Doc. No. 28-2, at 6.) We agree Mook's interview does corroborate Barnes' interview to a large extent. However, we do not find it exculpatory in any way. In fact, Mook says Anderson became angry with Barnes during the incident and told Barnes "he wanted bread" from Barnes.[6] Further, Mook details Anderson's following Barnes to the "Chinese store" and relaying to Mook his location. They then both waited outside the store while Barnes remained inside. This testimony is entirely corroborative of Barnes' interview and moreover, inculpatory evidence of Anderson's involvement in the incident supporting a finding of probable cause.

Anderson further claims Detective Perez never corroborated Barnes' account of the interview. Anderson claims Detective Perez failed to retrieve the surveillance video from the "Chinese store" or attempt to contact witnesses to the incident. Aside from Mook's interview, Anderson is correct in stating no one corroborated Barnes' story. However, when an officer obtains a positive identification from the victim determined to be credible, we do not require the

---

[6] The term "bread" colloquially means money. *See United States v. Evers*, 448 F.2d 863, 865 (3d Cir. 1971).

7

officer to engage in further investigation before filing an affidavit of probable cause. *Scott v. Farrell*, No. 12-6049, 2013 WL 6474488, *3 (E.D. Pa. Dec. 10, 2013) (citing *Merkle*, 211 F.3d at 790 n.8). An officer is not required to conduct a "mini-trial" before an arrest. *Bane v. City of Phila.*, No. 09-2798, 2009 WL 6614992, *7 (E.D. Pa. June 19, 2009) (citation omitted). Additionally, Detective Perez affirmatively states in the Affidavit, "[t]he assigned investigator went out to the Chinese store restaurant . . . to retrieve video and witnesses for the incident with negative results." (App., 4.) Accordingly, these arguments are unpersuasive.

Lastly, Anderson argues "Barnes was not a person of good character, who could be reasonably relied upon to tell the truth." (ECF Doc. No. 28-2, at 9.) An officer may have a duty to further investigate when "circumstances indicating a witness's unreliability are known." *Giordano*, 2014 WL 62459, *8 n.12. Anderson cites Barnes' criminal history to show he is untrustworthy. (App., 159-166) Detective Perez admits to being aware of Barnes' arrest record the day he interviewed Barnes. (*Id.* at 76.) Detective Perez stated Barnes' arrest record did not, in any way, give him pause as to his credibility because "he seemed credible" and "he had injuries that were consistent and corroborated his story." (*Id.* at 77.)

Barnes' criminal history from twenty years ago is not relevant to whether Detective Perez credibly found probable cause. Barnes provided information to Detective Perez regarding the incident and, according to Detective Perez, sustained injuries corroborative of his account. Further, Barnes positively identified Anderson as one of the men who allegedly robbed him, by name and photograph. While Barnes does have a number of offenses in his criminal history, none provide any evidence as to why he should be untrustworthy with regard to this incident. He has not been charged with or convicted act of any *crimen falsi*. Further, many of the crimes charged against Barnes occurred almost twenty (20) years ago. We do not find Barnes' criminal

history tends to show the unreliability of Barnes' account.

As to Anderson's false imprisonment claim, "an arrest based on probable cause [cannot] become the source of a claim for false imprisonment." *Martinez v. Freund*, No. 13-6294, 2015 WL 1608429, *6 (E.D. Pa. Apr. 10, 2015 (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995)) (granting summary judgment on false imprisonment claim upon a finding of probable cause for arrest) (alteration in original).

Accordingly, as we find ample evidence and no genuine issue of material fact confirming probable cause, we grant summary judgment in favor of Detective Perez on Anderson's false arrest and false imprisonment claims under §1983 and Pennsylvania Law.

### B. Probable cause requires dismissal of Anderson's § 1983 malicious prosecution claim.

To defeat summary judgment on his § 1983 malicious prosecution claim, Anderson must show: (1) Detective Perez initiated a criminal proceeding; (2) ending in his favor; (3) after Detective Perez initiated the proceeding without probable cause; (4) and acted maliciously or for a purpose other than bringing Anderson to justice; and (5) he suffered a deprivation of liberty consistent with the concept of seizure as a consequence of the legal proceedings. *Johnson*, 477 F.3d at 81-82. "Similarly, a plaintiff pursuing a claim based on the Pennsylvania common law tort of malicious prosecution must establish the same first four elements of a Fourth Amendment malicious prosecution claim; however, there is no requirement to prove a deprivation of liberty." *Henderson v. City of Phila.*, 853 F. Supp. 2d 514, 518 (E.D. Pa. 2012) (citing *Merkle*, 211 F.3d at 791, and *Kossler v. Crisanti*, 564 F.3d 181, 189 n.14 (3d Cir. 2009)).

Detective Perez argues there is no evidence he acted without probable cause or with malice. We agree. As shown, Detective Perez had probable cause to arrest Anderson. Anderson cannot maintain his malicious prosecution claim. *See Wright v. City of Philadelphia*, 409 F.3d

9

595, 604 (3d Cir. 2005) (reversing denial of summary judgment). Summary judgment is granted in favor of Detective Perez on Anderson's § 1983 and state common law malicious prosecution claims.

### C. The Pennsylvania Constitution does not recognize a private right of action for damages.

No private right of action for damages exists under the Pennsylvania Constitution. Anderson seemingly concedes this point as he provides no contrary argument in his opposition. " 'Where an issue of fact or law is raised in an opening brief, but it is uncontested in the opposition brief, the issue is considered waived or abandoned by the non-movant.' " *Walker v. Centocor Ortho Biotech, Inc.*, No. 11-4917, 2013 WL 664204, *4 (E.D. Pa. Feb. 25, 2013) (granting summary judgment on claim unaddressed in opposition motion) (quoting *Markert v. PNC Fin. Servs. Grp.*, 828 F. Supp. 2d 765, 773 (E.D. Pa. 2011)). Nonetheless, even if Anderson had replied to this argument, we cannot conceive of an argument which would carry the day.

Pennsylvania does not have a statutory equivalent to § 1983 providing a cause of action for damages. *See Farrell v. Cnty of Montgomery*, No. 05-3593, 2006 WL 166519, *3 (E.D. Pa. Jan. 18, 2006) (Baylson, J.). "The prevailing view is that Pennsylvania does not recognize a private right of action for damages in a suit alleging violation of the Pennsylvania Constitution." *Gary v. Braddock Cemetery*, 517 F.3d 195, 207 n.4 (3d Cir. 2008) (citing *Farrell*, 2006 WL 166519, at *1). As Judge Baylson aptly noted, we are not in a position to create a private right of action "until and unless a legislative body has clearly allowed it, or an appellate court has issued a holding to that effect." *Farrell*, 2006 WL 166519, at *3. Accordingly, we grant summary judgment in Detective Perez's favor on Count III.

### D. Anderson's false light invasion of privacy claim must be dismissed.

Detective Perez contends Anderson's false light claim is subject to summary judgment because he fails to adduce evidence of "willful misconduct." Conversely, Anderson claims Detective Perez's Affidavit is a "false document which cast Plaintiff in a false light." (ECF Doc. No. 28-2, at 13.) Absent any evidence of willful misconduct, Detective Perez is immune under Pennsylvania law for this claim.

The PSTCA acts to immunize local government agencies and their employees. 42 Pa. Con. Stat. § 8541 e*t seq*. The PSTCA contains a list of exceptions where local government agencies and their employees may be found liable.[7] *Id. at* § 8542. As Detective Perez observes, and this Court agrees, none of these exceptions apply. However, § 8550 strips Detective Perez of immunity where his act causing an injury constitutes "willful misconduct." "The Pennsylvania Supreme Court has held that 'willful conduct' means that the actor desired to bring about the result that followed, or at least that he was aware that it was substantially certain to ensue.'" *Cornell Cos., Inc. v. Borough of New Morgan*, 512 F. Supp. 2d 238, 277 (E.D. Pa. 2007) (quoting *Evans v. Phila. Transp. Co.*, 212 A.2d 440, 443 Pa. 1965)). "In other words, the term 'willful misconduct' is synonymous with the term 'intentional tort.'" *Renk v. City of Pittsburgh*, 641 A.2d 289, 293 (Pa. 1994) (quoting *King v. Breach*, 540 A.2d 976, 981 (Pa.

---

[7] Section 8542 provides the following categories where acts by a local agency or any of its employees may result in liability:

  1) Vehicle liability,
  2) Care, custody, or control of personal property,
  3) Real property,
  4) Trees, traffic controls and street lighting,
  5) Utility service facilities,
  6) Streets,
  7) Sidewalks, and
  8) Care, custody and control of animals.

Commw. Ct. 1988)); *Sanford v. Stiles*, 456 F.3d 298, 315 (3d Cir. 2006).

Yet, where we review a police officer's conduct, "[t]his equation has no validity in the context of a lawsuit based upon police conduct . . . ." *Renk*, 641 A.2d at 293. "Rather, willfu[l] misconduct means that the actor desired to bring about the result that followed, or at least that he was aware that it was substantially certain to ensue." *Henderson*, 853 F. Supp. 2d at 521 (internal quotation omitted). Thus, in this false light case, Anderson must present evidence Detective Perez knowingly published the Affidavit to place him in a false light.

Anderson presents no evidence Detective Perez allegedly published the Affidavit for the purpose of portraying Anderson in a false light. Anderson offers no argument in rebuttal to Detective Perez's "willful misconduct" argument. Because Anderson cannot point to a genuine issue of material fact showing Detective Perez acted for the purpose of portraying him in a falset light, we find the PSTCA immunizes Detective Perez from Anderson's false light claim.

**E. Anderson's IIED claim lacks competent medical evidence.**

Detective Perez is entitled to summary judgment on Anderson's IIED claim because Anderson fails to produce "competent medical evidence" of any injury suffered. (ECF Doc. No. 26, at 14-15.) Anderson does not attempt to address this failing.

As a threshold matter, the Pennsylvania Supreme Court has not yet recognized a cause of action for IIED. *Reedy v. Evanson*, 615 F.3d 197, 231 (3d Cir. 2010) (citing *Taylor v. Albert Einstein Med. Ctr.*, 754 A.2d 650, 652 (Pa. 2000)). However, in *Taylor*, the Pennsylvania Supreme Court cited to Restatement (Second) of Torts § 46 as "setting forth the minimum elements necessary to sustain such a cause of action." 754 A.2d at 652. Thus, our Court of Appeals, district courts within this Circuit, as well as the Pennsylvania Superior Court have all recognized such a claim. *Reedy*, 615 F.3d at 231; *Wardlaw v. Newsome*, No. 08-2536, 2015 WL

1312028, *2 (E.D. Pa. Mar. 23, 2015); *Swisher v. Pitz*, 868 A.2d 1228, 1230 (Pa. Super. Ct. 2005).

A plaintiff seeking to recover under an IIED claim must "demonstrate intentional outrageous or extreme conduct by the defendant, which causes severe emotional distress to the plaintiff." *Swisher*, 868 A.2d at 1230. A plaintiff must suffer some resulting harm from the defendant's outrageous conduct. *Id.* "Liability on an intentional infliction of emotional distress claim ' has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Wardlaw*, 2015 WL 1312028, *2 (quoting *Field v. Phila. Elec. Co.*, 565 A.2d 1170, 1184 (Pa. Super. Ct. 1989)).

The "existence of the alleged emotional distress must be supported by competent medical evidence." *Kazatsky v. King David Mem'l Park Inc.*, 527 A.2d 988, 197 (Pa. 1987); *Martin v. City of Reading*, —F. Supp. 3d—, No. 12-3665, 2015 WL 4601120, *11 (E.D. Pa. July 31, 2015) (granting summary judgment on IIED claim where plaintiff failed to provide competent medical evidence).

Anderson does not present evidence of Detective Perez's "utterly intolerable" conduct. *Field*, 565 A.2d at 1184. Anderson alleges Detective Perez "falsely accus[ed] [Anderson] of beating and robbing Arthur Barnes" but the Affidavit includes no such accusation. Further, Anderson fails to support his IIED claim with "competent medical evidence." *Paith v. Cnty of Washington*, 394 F. App'x 858, 861 (3d Cir. 2010) (affirming summary judgment due to lack of competent medical evidence); *Martin*, 2015 WL 4601120, at *11. Accordingly, the Court grants summary judgment for Detective Perez on the IIED claim.

**III.     Conclusion**

Having defeated the Commonwealth's case against him in trial, Rhaheem Anderson hoped to recover damages claiming the original arrest violated his civil rights. Winning at trial does not equal a lack of probable cause. As Anderson cannot adduce evidence showing genuine issues of material fact challenging Detective Perez's police work, interview and eyewitness identification sufficient to overcome probable cause, his civil rights claims do not proceed to trial in this Court. He does not adduce evidence to support his Pennsylvania state law claims. Accordingly, we grant Detective Perez's motion for summary judgment in the accompanying Order.